UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                                      NO. 13-286

DUANE PHILLIPS                                          SECTION "R"


## ORDER AND REASONS

Before the Court is defendant Duane Phillips's motion to vacate his sentence under 28 U.S.C. § 2255.[1]  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, the Court denies the motion.


## I.    BACKGROUND

On April 20, 2015, defendant Duane Phillips pleaded guilty to conspiracy to commit sex trafficking in violation of 18 U.S.C. §§ 1594(c) and 1591(a).[2]  Phillips waived his right to appeal and collaterally challenge his conviction and sentence, but he retained the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.[3]  The Court

---

[1]    R. Doc. 491.
[2]    *See* R. Doc. 186; R. Doc. 187.
[3]    R. Doc. 187 at 2-3.

accepted the plea agreement and sentenced Phillips to 251 months of imprisonment followed by ten years of supervised release.[4]

Phillips appealed his judgment to the Fifth Circuit.[5] On direct appeal, Phillips raised the following issues: (1) his ten-year term of supervised release was above the statutory maximum; (2) the Court erred in applying a cross-reference to United States Sentencing Guidelines Section 2A3.1; (3) the Court erred in holding that injuries inflicted by other defendants fell within the scope of Phillips's agreement to the conspiracy; and (4) the Court erred in imposing enhancements from United States Sentencing Guidelines Sections 2A3.1(b)(4) and 3D1.4. *See United States v. Phillips*, No. 16-30767, Doc. No. 00513832379 (5th Cir. Jan. 11, 2017). The Fifth Circuit denied Phillips's appeal except that it reduced his term of supervised release from ten years to five years.[6] The Supreme Court denied certiorari on October 30, 2017.[7] On May 29, 2018, Phillips moved to vacate his sentence under 28 U.S.C. § 2255.

---

[4] R. Doc. 374 at 2-3.
[5] R. Doc. 386.
[6] R. Doc. 443.
[7] R. Doc. 459.

## II. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-

frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Id.*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. *Id.*, Rule 8. An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the

outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III. DISCUSSION

### A. Withdrawal of Guilty Plea and Waiver of Appeal Rights

Phillips argues that he should be permitted to withdraw his guilty plea because (1) the Court imposed a ten-year term of supervised release, which was over the statutory maximum; (2) he argues that the Court calculated his guideline range incorrectly; and (3) Phillips expected to receive a lower sentence based on his conversations with his attorney and the government.[8] Phillips argues that the representations by his lawyer and the government at the time he agreed to plead guilty made his plea unknowing and involuntary.[9] He therefore argues that he should not continue to be bound by his ex-ante waiver of appeal rights.[10]

---

[8] R. Doc. 478 at 23-29.
[9] *Id.* at 30.
[10] *Id.*

A defendant may waive his statutory right to appeal as part of a plea agreement. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). A waiver of post-conviction relief such as under 28 U.S.C. § 2255 is valid if the waiver is informed and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The defendant must know that he had a "right to appeal his sentence and that he was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (quoting *United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992)). It is the responsibility of the district court "to [e]nsure that the defendant fully understands [his] right to appeal and the consequences of waiving that right." *United States v. Gonzalez*, 259 F.3d 355, 357 (5th Cir. 2001) (quoting *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992)).

Phillips's waiver of his appeal rights was knowing and voluntary. Phillips's signed plea agreement contains an express waiver of his right to appeal or seek relief under Section 2255.[11] During Phillips's rearraignment, the Court explained to him the crime to which he was pleading guilty.[12] The Court explained the correct statutory maximum sentence and term of supervised release.[13] Phillips confirmed that he understood the terms of the

---

[11]   R. Doc. 187 at 3.
[12]   R. Doc. 423 at 6, 9-10.
[13]   *Id*. at 6.

plea agreement and had reviewed it with his lawyer.[14] Phillips acknowledged that his attorney had advised him of his appeal rights and the effect of waiving his appeal rights.[15] Further, the Court specifically confirmed that Phillips understood the waiver of appeal rights in the plea agreement.[16] Phillips's attorney stated he was satisfied that Phillips was pleading guilty voluntarily, understandingly, and with full knowledge of the consequences of his plea, and he represented to the Court that he had explained to Phillips his appeal rights and the effect of waiving those rights.[17] Phillips's and his attorney's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The Court therefore finds that Phillips fully understood the waiver of his right to appeal and the waiver of his right to file postconviction motions when his plea was accepted.

The Court finds no merit in Phillips's argument his plea was unknowing because he expected to receive a different sentence. Phillips acknowledged at his rearraignment hearing that the maximum sentence that Court could impose was life in prison.[18] He also acknowledged that his

---

[14] *Id.* at 12.
[15] *Id.* at 20.
[16] *Id.* at 19.
[17] *Id.* at 22.
[18] R. Doc. 423 at 7.

lawyer had discussed this maximum sentence with him.[19]  He stated that his lawyer had discussed the sentencing guidelines with him.[20]  He acknowledged that the Court could impose a sentence that was different than any estimate that his lawyer gave him.[21]  Finally, he acknowledged that the Court could impose a sentence that was more severe than the recommended guideline range for his offense.[22]  Phillips chose to plead guilty with full knowledge that the Court could impose any sentence up to the statutory maximum.  Even if he thought or hoped that the Court would calculate his guideline range differently, this does not make his plea involuntary. "Regarding sentencing consequences, the defendant must know only his 'maximum prison term and fine for the offense charged.'"  *United States v. Diaz*, 516 F. App'x 358, 360 (5th Cir. 2013) (quoting *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996).  Phillips was clearly instructed of his maximum prison term and acknowledged his understanding of the maximum term at his rearraignment hearing.  His plea was therefore knowing and voluntary despite his disagreement with the Court's calculation of his guideline range.

---

[19]     *Id.*
[20]     *Id.*
[21]     *Id.* at 8.
[22]     *Id.*

Finally, Phillips's initial sentence of a ten-year term of supervised release does not render his decision to plead guilty or his waiver of appeal rights involuntary, because he was correctly informed of the consequences of his guilty plea at his rearraignment,[23] his plea agreement contained the correct maximum sentence,[24] and his sentence has been corrected to reflect a five-year term of supervised release. Further, Phillips raised the argument that his plea was invalid on direct appeal, and the Fifth Circuit dismissed his appeal without making any such finding. The Court cannot consider an issue at the Section 2255 stage that has already been rejected on direct appeal. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997). Phillips is therefore bound by his guilty plea and his waiver of appeal rights.

**B.  Challenges to the Guideline Calculation and Sentence**

Phillips argues that the Court erred in multiple ways in calculating his sentencing guideline range. These challenges to the Court's application of the sentencing guidelines in Phillips's case are barred by his appeal waiver. Phillips's plea agreement states that he agrees to waive, "any right to challenge the manner in which his sentence was determined and to challenge

---

[23]  *See generally* R. Doc. 423.
[24]  R. Doc. 187 at 2.

9

any United States Sentencing Guidelines determinations and their application . . . to [his] sentence and judgment."[25] *See United States v. Kelly*, 915 F.3d 344, 350 (5th Cir. 2019) (holding that an appeal waiver applies to all claims other than prosecutorial misconduct or ineffective assistance of counsel, including the Court's application of a particular enhancement at sentencing). The Court therefore denies Phillips's challenges to his guideline calculation.

For the avoidance of doubt, the Court also reaffirms that Phillips's sentence was calculated and applied correctly. The Court found at the sentencing hearing that the conspiracy included eight victims based on the government's representation that it had substantiated these eight victims' identities and locations through reliable, admissible evidence, and based on Special Agent Michael Robert Forrester's testimony at the hearing.[26] The Court found that Phillips was responsible for all eight victims because Phillips and his codefendants jointly undertook to coerce women into prostitution. They subjected their victims to similar rules, and they enforced these rules to coerce the victims into having sex for the pimps' profit.[27] Phillips and his coconspirators worked cooperatively and coordinated their

---

[25]     R. Doc. 187 at 3.
[26]     R. Doc. 425 at 116.
[27]     *Id.* at 117.

criminal activities.[28]  The Court therefore found that the facts supported a joint sex trafficking and prostitution operation, making Phillips's codefendants' violence toward all eight victims in furtherance of the conspiracy foreseeable to Phillips.[29]

Based on these factual findings, the Court correctly applied an enhancement under United States Sentencing Guidelines Section 3D1.4 for the number of victims.  It also correctly held Phillips responsible for the injuries of the victims sustained by the hands of his coconspirators, for the reasons explained at the sentencing hearing.[30]  It correctly applied the cross-reference in Section 2G1.1 to Section 2A3.1, because the Court found at the sentencing hearing that Phillips's offense involved conduct described in 18 U.S.C. §§ 2241 and 2242.[31]  This finding is in accordance with Third, Eleventh, and Sixth Circuit precedent, which have all upheld the application of this cross-reference to enhance the sentences of pimps running organized prostitution operations.[32]

Having applied these enhancements, the Court determined that Phillips's total offense level was 40, and his criminal history category was

---

[28]     *Id.* at 118.
[29]     *Id.* at 119.
[30]     *Id.* at 119-122.
[31]     *Id.* at 123-124.
[32]     *Id.*

three.[33]  This indicates an advisory range of 360 months to life imprisonment.  The Court chose to impose a sentence below the suggested guideline range in order to avoid discrepancies and inconsistencies among similarly situated defendants.[34]  Therefore, for the reasons given at Phillips's sentencing hearing, the Court's factual findings, application of the guidelines, and the sentence it imposed on Phillips—other than his term of supervised release—were correct.  Nothing in Phillips's motion or any other evidence before the Court indicates otherwise.  The Court's decisions to overrule the government's and Phillip's objections were based on well-supported factual findings and legal precedents.  The Court therefore finds no merit in Phillips's assertion that the Court incorrectly calculated his sentence.

### C.    Ineffective Assistance of Counsel

Phillips argues that he received ineffective legal assistance both in the district court and on appeal.  First, he argues that his trial counsel did not properly inform him of the way that the Court would calculate his guideline range.  Second, he argues that his trial counsel was deficient for failing to object at his sentencing hearing to the guideline calculation and to his term

---

[33]    *Id.* at 128.
[34]    *Id.* at 131.

of supervised release. Finally, he argues that his appellate counsel "abandoned" his case by failing to oppose the government's motion opposing his claims on appeal other than as to his term of supervised release.[35]

Phillips reserved the right to bring an ineffective assistance of counsel claim only to the extent that he claims the ineffective assistance "directly affected the validity" of his entering the plea agreement and waiving his appeal rights. *See United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002) (a defendant's waiver of appeal in a plea agreement "may not be enforced against a Section 2255 petitioner who claims that ineffective assistance of counsel rendered *that waiver* unknowing or involuntary" (emphasis in original)). In other words, Phillips's ineffective assistance of counsel claims survive his waiver of appeal "only when the claimed assistance directly affected the validity of that waiver or the plea itself." *Id.* at 343.

None of Phillips's claims of ineffective assistance of counsel have merit. First, Phillips argues that his attorney did not properly instruct him of all the possible ways in which the Court could apply the guidelines in sentencing him.[36] Phillips does not directly say that his counsel miscalculated his guideline range or gave him an inaccurate estimation of his sentence.

---

[35]    R. Doc. 478 at 18-22.
[36]    *Id.* at 32.

Indeed, it is not clear whether Phillips intends to argue that his attorney acted deficiently at all in calculating his guideline range. He states that his attorney "could not . . . [have] prepare[d] [him] for the possibility that the lodestar for his sentencing would be vastly different,"[37] which implies that he finds error only in the Court's actions, and not his attorney's actions. But, for the avoidance of any doubt, the Court addresses this potential argument and finds that it is not meritorious.

To establish a claim of constitutionally ineffective assistance of counsel, a petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that, but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). The petitioner must meet both prongs of the *Strickland* test and, if a court finds that the petitioner has made an insufficient showing as to either prong, the court may dispose of the claim without addressing the other prong. *See id.* at 697. Grossly underestimating a defendant's sentencing exposure such that defendant cannot make an informed choice about whether to accept a particular plea offer can constitute deficient performance. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). But merely giving the

---

[37] *Id.*

defendant an estimate that ends up being incorrect because the Court applies the guidelines differently than the lawyer anticipated is not ineffective assistance, because such representations are "at best merely an estimate reflecting what [the attorney] believed the likely range would be." *United States v. Sweeney*, 878 F.2d 68, 70-71 (2d Cir. 1989); *see also Knight v. United States*, 37 F.3d 769, 775 (1st Cir. 1994); *United States v. Arvanitis*, 902 F.2d 489, 494-95 (7th Cir. 1990); *Womack v. Del Papa*, 497 F.3d 998, 1003 (9th Cir. 2007). Nor does an inaccurate estimate of a defendant's sentence does constitute an improper promise for purposes of entering into a plea agreement knowingly and voluntarily absent a "a definite and firm assurance, as opposed to a prediction or statement of probability." *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989).

Thus, under *Strickland*'s first prong, Phillips must show more than that his lawyer gave him an estimation of his sentence that turned out to be different than the sentence he received; he must show that his lawyer grossly underestimated his exposure such that affected his ability to make an informed decision about accepting the government's plea offer. Phillips does not say exactly what his lawyer told him about the sentence he could receive. He says only that his counsel did not "point out worst-case-scenario

enhancements and departures."[38] Phillips does not deny that his attorney and the Court properly instructed him of the statutory maximum sentence applicable to his charges, and he states that his lawyer and he spent "many hours" reviewing the guidelines.[39] At his rearraignment hearing, Phillips acknowledged that his lawyer had not told him what sentence the Court would impose.[40] He also confirmed that he understood that the Court, and not his lawyer, would determine the sentence.[41] Similarly, Phillips's lawyer told the Court that he had not made any representations to Phillips about what sentence the Court would impose.[42] Given that Phillips was aware that he could be sentenced to anything below the statutory maximum, failing to point out a particular possible enhancement does not constitute a gross underestimation or ineffective assistance. *Womack*, 497 F.3d at 1003 (holding that defendant did not receive ineffective assistance even though his attorney told him that pleading guilty was his best chance of receiving 30-40 years because defendant "was clearly informed of the potential for life sentences").

---

[38] *Id.*
[39] R. Doc. 478 at 32.
[40] R. Doc. 423 at 21.
[41] *Id.*
[42] *Id.* at 22.

Secondarily, even if Phillips could show that his counsel deficiently and grossly misrepresented his guideline calculation to him, he cannot show prejudice under Strickland's second prong. To prove such prejudice, Phillips must demonstrate a reasonable probability that, but for his attorney's miscalculation, he would have rejected the government's plea offer. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). "A mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." *Arvanitis*, 902 F.2d at 494. Instead, to determine whether a defendant would likely have insisted on going to trial, the Court must assess whether the information that counsel failed to give to the defendant would have changed defendant's prospects of prevailing at trial. *Hill*, 474 U.S. at 59 (holding that the assessment "will depend in large part on a prediction of whether the evidence likely would have changed the outcome of a trial"). Although Phillips states that had he known "that the courts would apply a guideline range that constitutes as rape, he would not have pleaded guilty and proceeded with going to trial,"[43] there is no reason to find that this was a

---

[43] *Id.*

realistic possibility. Phillips does not say that he expressed a desire to his attorney to withdraw his guilty plea upon realizing that the Court had applied enhancements that he did not anticipate.

Indeed, Phillips would likely not have withdrawn his guilty plea because he likely would have received the same or a harsher sentence had he gone to trial. First, the evidence against Phillips was substantial. Phillips's factual basis, the truth of which he affirmed at his rearraignment hearing,[44] states that Phillips took all of the money that the women working for him earned.[45] If the women kept any money or broke any of his other rules, Phillips would punish them by forcing them to continue working, threatening to hurt them, and shoving, slapping, and punching the women.[46] The factual basis also states that Phillips hit and dragged a woman who said she wanted to leave back to her motel room.[47] The factual basis also included evidence of coordination between Phillips and the other members of the conspiracy. Phillips and his codefendants bonded one another out of jail and monitored one another's women, alerting each other when women violated any of the rules.[48] They also travelled together for the purpose of forcing

---

[44]    R. Doc. 423 at 24.
[45]    R. Doc. 188 at 1.
[46]    *Id.* at 1-2.
[47]    *Id.* at 2.
[48]    *Id.* at 2.

women to engage in commercial sex acts.[49]   Indeed, the Court found at Phillips's sentencing hearing that reliable evidence supported the conclusion that Phillips witnessed his codefendant beating a woman until she suffered an apparent broken arm and required hospitalization.[50]   Finally, Phillips encouraged other members of the conspiracy to become pimps, including Zacchaeus Taylor, who was Phillips's protégé.[51]   This evidence of both Phillips's own acts toward women and his coordination with his codefendants strongly suggests that a jury would have found Phillips guilty had he chosen to go to trial, and he would have received at least an equal sentence on the basis of the facts before the Court at sentencing.

Second, Phillips's sentence had he gone to trial would likely have been higher than the sentence he received, because Phillips received a three-point reduction in his total offense level in exchange for his guilty plea.[52]   Without this three-point reduction, his offense level would have been 43.   With a criminal history category of three, Phillips' guideline range without this reduction would have been nothing less than life in prison.   Instead, Phillips's

---

[49]     *Id.* at 2-3.
[50]     R. Doc. 425 at 120.
[51]     R. Doc. 188 at 3.
[52]     R. Doc. 298 at 28.  The government also agreed drop two other counts of the Second Superseding Indictment against Phillips and not to bring any additional charges arising from his involvement in sex trafficking, both of which were benefits to him.  *See* R. Doc. 187 at 1.

guideline range was 360 months to life in prison. Even more importantly, the Court granted Phillips's a downward variance that reduced his sentence by nearly ten years. The Court found that Phillips's codefendant Granville Robinson was at least similarly situated if not worse than Phillips, and Robinson had previously been sentenced to 294 months.[53] The Court therefore sentenced Phillips to 251 months to avoid discrepancies among similarly situated defendants.[54] Had Phillips gone to trial, the Court would likely not have granted this variance, because the Court would have been highly unlikely to grant a variance to 250 months for a defendant whose minimum guideline was life in prison. In addition, it is reasonable to assume that the evidence against Phillips would have become stronger with the benefit of trial testimony from multiple witnesses and potentially Phillips's codefendants. And, as part of Phillips's plea agreement, Phillips expressly allowed the government to use his statements to agents while cooperating and at proceedings before the Court to be used against him should he later withdraw his plea.[55] For all of these reasons, the Court finds that, even if Phillips had received erroneous advice from his attorney, this error would not have been prejudicial because Phillips would not have chosen to

---

[53] R. Doc. 425 at 131.

[54] *Id.*

[55] R. Doc. 187 at 3.

withdraw his guilty plea because he likely would have received the same or a higher sentence had he chosen not to plead guilty.

Phillips' second ineffective assistance of counsel claim is that his attorney should have objected to the Court's application of various enhancements in Phillips' guideline calculation. First, Phillips's counsel did raise ten objections to the Court's guideline calculation, including objections to enhancements for the number of victims that Phillips was responsible for and objections to enhancements for serious bodily injury.[56] Phillips's assertion that his attorney failed to object to the Court's guideline calculation at sentencing is therefore incorrect. Further, as already explained, the Court correctly applied these enhancements. To the extent that Phillips now argues that his attorney should have raised objections that he did not raise, "[a]n attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). Because Phillips's attorney did object to the Court's guideline calculation, and because the Court's application of the guidelines was correct, Phillips has no viable

---

[56]    R. Doc. 298 at 59-62.

ineffective assistance of counsel claim related to objections at the sentencing hearing.

Next, although Phillips's attorney failed to object to his term of supervised release at his sentencing hearing, this error also does not survive Phillips's waiver of appeal rights because it does not affect the validity of his plea. Phillips was correctly informed at the time he pleaded guilty of the applicable term of supervised release, and his sentence was reduced on appeal to match the term he was informed of at his rearraignment hearing. Phillips's plea agreement contains the correct term of supervised release, and the Court informed Phillips of that same maximum term at his rearraignment hearing. Though the Court sentenced Phillips to ten years of supervised release, this sentence was reduced to five years soon after on appeal. Thus, his attorney's failure to object at the sentencing hearing does not impact the validity of Phillips's plea agreement, because Phillips entered into the plea agreement voluntarily and with knowledge of the correct applicable term of supervised release. This claim is therefore barred by Phillips's appeal waiver.

Finally, Phillips appellate counsel did not "abandon" him. At his request, she opposed the government's position that the appeal be dismissed other than as to his term of supervised release. *See Phillips*, No. 16-30767,

Doc. No. 00513832379 (referring to "the appellee's opposed motion to dismiss the appeal in part"). Phillips apparently misreads the Fifth Circuit's order, which states that his motion to reduce his term of supervised release is unopposed by the government. It was the government who did not oppose Phillips's motion to reduce his term of supervised release. Phillips did oppose the government's motion to dismiss his other claims. Thus, there is no evidence that his appellate counsel performed deficiently.

Because Phillips has not shown that he received ineffective assistance of counsel that affected the validity of his plea, the Court dismisses these claims.

### D. Certificate of Appealability

The Court will not issue a certificate of appealability of Phillips's motion for relief under Section 2255. When a district court enters a final order adverse to a petitioner under 28 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

Phillips's motion does not satisfy these standards. For the reasons stated in this order, the Court finds that Phillips's arguments do not amount to a substantial showing that his constitutional rights were compromised, nor do they deserve encouragement to proceed further or engender any type of debate among reasonable jurists. Accordingly, the Court will not issue a certificate of appealability.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Phillips's motion to vacate.  The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __30th__ day of July, 2019.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE