UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-286 |
| DUANE PHILLIPS | SECTION "R" (1) |

**ORDER AND REASONS**

Before the Court is defendant Duane Phillips's motion for compassionate release,[1] and appointment of counsel.[2] The Government opposes both motions.[3] For the following reasons, the Court denies both of Phillips's motions.

**I.   BACKGROUND**

On April 20, 2015, Duane Phillips pleaded guilty to conspiracy to commit sex trafficking in violation of 18 U.S.C. §§ 1594(c) and 1591(a).[4] Phillips waived his right to appeal and collaterally challenge his conviction and sentence, but he retained the right to raise a claim of ineffective

---

[1]   R. Doc. 542.
[2]   R. Doc. 557.
[3]   R. Docs. 548 & 559.
[4]   R. Docs. 186 & 187.

assistance of counsel in an appropriate proceeding.[5] On June 8, 2016, the Court accepted the plea agreement and sentenced Phillips to 251 months of imprisonment followed by ten years of supervised release.[6] Phillips is currently incarcerated at Yazoo City Low, FCI in Mississippi, with an expected release date of November 25, 2031.[7]

Phillips appealed his judgment to the Fifth Circuit.[8] On direct appeal, Phillips raised the following issues: (1) his ten-year term of supervised release was above the statutory maximum; (2) the Court erred in applying a cross-reference to United States Sentencing Guidelines Section 2A3.1; (3) the Court erred in holding that injuries inflicted by other defendants fell within the scope of Phillips' agreement to the conspiracy; and (4) the Court erred in imposing enhancements from United States Sentencing Guidelines Sections 2A3.1(b)(4) and 3D1.4. *See United States v. Phillips*, No. 16-30767, Doc. No. 00513832379 (5th Cir. Jan. 11, 2017). The Fifth Circuit denied Phillips's appeal, except that it reduced his term of supervised release from ten years to five years.[9] The Supreme Court denied certiorari on October 30, 2017.[10]

---

5   R. Doc. 187 at 2-3.
6   R. Doc. 374.
7   *See* Fed. Bureau of Prisons, *Find an Inmate* (2021), https://www.bop.gov/inmateloc.
8   R. Doc. 386.
9   R. Doc. 443.
10  R. Doc. 459.

2

On May 29, 2018, Phillips moved to vacate his sentence under 28 U.S.C. § 2255, arguing that (1) his waiver of appeal rights was not knowing and voluntary, (2) the Court erred in multiple ways in calculating his sentencing guideline range, and (3) he received ineffective assistance of counsel.[11] This Court denied his motion.[12] Defendant again appealed to the Fifth Circuit.[13] The Fifth Circuit denied Phillips leave to appeal in forma pauperis and denied his request for a certificate of appealability.[14]

Phillips now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing the COVID-19 pandemic.[15] He claims that he cannot engage in social distancing in the prison, and that prison staff are not wearing personal protective equipment.[16] Defendant also points to various health conditions, including sinus issues, migraine headaches, his development of severe blindness within a short period of time, and his loss of taste and smell.[17] Defendant further states that his parents are elderly, live alone, and lack caretakers.[18]

---

[11] R. Doc. 478.
[12] R. Doc. 509.
[13] R. Doc. 512.
[14] R. Doc. 539.
[15] R. Doc. 542.
[16] R. Doc. 542 at 3, 6.
[17] *Id.* at 2.
[18] *Id.* at 3.

## II.  DISCUSSION

### A.  Appointment of Counsel

Phillips states that he would like an attorney appointed in his compassionate relief case to allow him to "express case law appropriately," and to address "an error" he has noticed in his case.[19] The Court denies Phillips' request for counsel. Generally, "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In the analogous context of 18 U.S.C. § 3582(c)(2) motions, the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).

A Court may appoint counsel in a compassionate release proceeding if it finds that doing so would be "in the interest of justice." *United States v. Delco*, No. 09-57, 2020 WL 4569670, at *2 (E.D. La. Aug. 7, 2020); *see also United States v. Mogan*, No. 14-40, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020). As the Fifth Circuit has stated, "the interest of justice [does] not require the appointment of counsel" when the motion does "not involve complicated or unresolved issues." *See United States v. Moore*, 400 F. App'x

---

19   R. Doc. 557.

851, 852 (5th Cir. 2010) (per curiam) (citing *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008)).

Here, because Phillips's motion for compassionate release does not involve complicated or unresolved issues, the Court finds that the appointment of counsel would not serve the interest of justice. *See United States v. Drayton*, No. 10-20018, 2020 WL 2572402, at *1 (D. Kan. May 21, 2020) ("[A] claim for compassionate release is not particularly complex factually or legally."). Additionally, defendant has filed three motions in connection with his request for compassionate relief, many of which include multiple exhibits.[20] Phillips's motions adequately present his arguments and include extensive citations to case law.[21] The Court thus finds no indication that he is incapable of adequately pursuing this matter pro se. *See United States v. Joseph*, No. 15-307, 2020 WL 3128845, at *2 (E.D. La. June 12, 2020); *see also Delco*, 2020 WL 4569670, at *2 (finding that a pro se defendant who "submitted a thorough, albeit ultimately unsuccessful 22-page brief" was not incapable of presenting his motion pro se). Accordingly, the Court denies Phillips's request for appointment of counsel.

---

20   R. Doc. 542 (Motion for compassionate release); R. Doc. 555 (Reply to Government's opposition); and R. Doc. 560 (Supplemental memorandum to compassionate release motion).
21   Phillips's record confirms that he is proficient in English and has received a high school diploma or its equivalent. R. Doc. 542-1 at 1.

5

## B. Compassionate Release

As a threshold matter, the Court finds that Phillips has satisfied the exhaustion requirement for compassionate release. The statute provides that a district court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the recipient of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Phillips represents that he filed for compassionate release "under institutionas [sic] administration at FCC Yazoo City (Low) on July 10, 2020, but never got a response."[22] Although Phillips submits no documentation of his request, the Government includes defendant's administrative request as an exhibit in its opposition.[23] The Court finds that because more than 30 days elapsed between the date that Phillips submitted his administrative request to his warden and the date he filed his petition for compassionate release, he has met the exhaustion requirement under § 3582(c)(1)(A).

---

22  R. Doc. 542 at 1.
23  R. Doc. 548 (Ex. A).

6

The Court next addresses Phillips's request for home confinement.[24] The Court is unable to order home confinement. The decision to order home confinement is statutorily reserved to the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3621(b) (providing that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment" and that "a designation of a place of imprisonment . . . is not reviewable by any court"); *see also United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("[A] court may recommend that a sentence imposed under section 3621 be served in a particular prison or jail, but that only the Bureau of Prisons has the actual authority to designate the place of incarceration."). Accordingly, the Court must deny Phillips' motion for home confinement.

Although defendant has shown that he meets the exhaustion requirement, he has not shown that he meets the other requirements for compassionate release. Upon a prisoner's motion, a court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (holding that, in

---

[24] R. Doc. 542 at 6 ("I sincerely pray that you grant me immediate home confinement because I strongly feel I may die in here.").

evaluating a motion by an inmate, rather than the BOP, the district court "is bound only by § 3582(c)(1)(A)(i)" and "the sentencing factors in § 3553(a)").

In evaluating defendant's motion, the Court must first "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Here, the Court finds that the § 3553(a) factors do not support Phillips' release. Specifically, the Court finds that the "seriousness of the offense" militates against early release. *See* 18 U.S.C. § 3553(a)(2)(A). Defendant has a lengthy criminal history, and committed the instant offenses while serving a term of probation.[25] Phillips's instant offenses are sex crimes, including a conspiracy to commit sex trafficking that lasted over a year.[26] Phillips was found to have forced women to commit sexual acts and would physically assault them if they did not follow his orders.[27] The Attorney General specifically excluded sex offenders from those for whom home confinement should be considered as a priority, given "the danger posed by the inmate to the community."[28] Granting Phillips's

---

[25] R. Doc. 298 at 32.
[26] R. Doc. 187.
[27] R. Doc. 188 (Factual basis) ("Phillips would punish the women by forcing them to continue working; threating to hurt them; and shoving, slapping, and punching the women.").
[28] Att'y Gen., *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020), https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_ confinement.pdf.

8

motion would therefore not be consistent with the sentencing factors in § 3553(a). *See Shkambi*, 993 F.3d at 393.

Furthermore, defendant has failed to demonstrate that there are "extraordinary and compelling reasons" meriting his release. 18 U.S.C. § 3582(c)(1)(A)(i). In support of his motion, Phillips relies on his concerns about his physical health, his elderly parents, and the risk posed by the COVID-19 pandemic.[29] Specifically, defendant states that he suffers from sinus issues, migraine headaches, severe blindness within short periods of time, and that he has lost his sense of taste and smell, which he believes may have been due to COVID-19.[30] Furthermore, defendant notes that it is "unknown" if he has contracted COVID-19, or whether he is suffering from

---

[29]  R. Docs. 542 & 555. Defendant also dedicates significant portions of his reply to the Government's opposition, R. Doc. 555, and his supplemental motion for compassionate release, R. Doc. 60, to ineffective-assistance-of-counsel claims, as well as concerns about how this Court calculated his sentencing guideline range. Notably, these claims are similar to those raised by defendant in his § 2255 motion, which was denied by this Court and the Fifth Circuit. *See* R. Docs. 478, 509, 539. A motion for compassionate release is not the appropriate forum for defendant to relitigate his § 2255 claims. *See In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) ("Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorized from this court for the district court to consider the movant's successive § 2255 motion." (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255)). Accordingly, the Court addresses only defendant's arguments that are germane to a motion for compassionate release.

[30]  R. Doc. 542 at 2.

9

health conditions that would make him vulnerable to COVID-19 because "he's been incarcerated for the past 7 years and hasn't received the medial attention that he has sought," and has "never been tested for COVID-19."[31]

The Court finds that Phillips's health concerns, combined with his generalized fear of COVID-19, do not constitute "extraordinary [or] compelling reasons" warranting compassionate release. Defendant is thirty-five years old and, although he asserts that he suffers from sinus issues, migraines, and blindness, defendant's medical records indicate that these conditions are under control with medication and glasses available to him at his correctional facility.[32] Furthermore, defendant admits that he "hasn't connected any of his illness to COVID-19."[33]

The Court further notes that despite defendant's assertion that he "was never seen" by the medical department about his loss of taste and smell,[34] Phillips's medical records show that he has been receiving regular healthcare and was placed in quarantine twice after being exposed a person who tested

---

[31] *Id.*

[32] Phillips's medical records, attached to the Government's opposition, show that defendant received new glasses which improved his vision, and that defendant said that his migraines "go away completely" when he takes Ibuprofen. R. Doc. 548-3 at 1. Furthermore, defendant's doctor "referred to commissary for Ibuprofen as needed for [defendant's] headaches." *Id.* at 2.

[33] R. Doc. 555 at 1.

[34] R. Doc. 542 at 1.

positive for COVID-19.[35] Proactive steps such as quarantining individuals who have come into contact with the virus support a finding that correctional officials at Yazoo Low "are taking reasonable and prudent steps to prevent the spread of coronavirus within the facility." *See United States v. Valdez*, No. 17-47, 2020 WL 2199836, at *2 (D. Del. May 6, 2020); *see also United States v. Wilfred*, No. 07-251, 2020 WL 4365531, at *5 (E.D. La. July 30, 2020) (holding that defendant's concerns of COVID-19 do not warrant a reduction of his sentence because the "BOP is undertaking measures to curb the spread of COVID-19 and to limit the risk of inmates contracting it").

And to the extent that Phillips raises a generalized fear of COVID-19, such a reason does not warrant compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *Wilfred*, 2020 WL 4365531, at *5 ("[Defendant] has alleged only general concerns that the fact of being in a carceral setting raises the risk of COVID-19 infection. Numerous courts have concluded that such broad allegations do not warrant a sentence reduction under § 3582.").

---

[35]   R. Doc. 548-3 at 13.

11

Finally, Phillips represents that both his elderly parents are battling cancer, and have no one to care for them.[36] The Court finds that defendant's family circumstances do not merit compassionate release. *See United States v. Goldberg*, No. 12-180, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) (finding that a defendant's desire to care for his elderly parents did not constitute an extraordinary and compelling reason because "[m]any, if not all inmates, have aging and sick parents." (quoting *United States v. Ingram*, No. 14-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019))). Moreover, Phillips has provided no evidence that he is the only person who can care for his parents. *See United States v. Crandle*, No. 10-35, 2020 WL 2188865, at *4 (M.D. La. May 6, 2020) ("[T]he court has before it no information as to why other relatives cannot care for [the defendant's] parents."). Instead, as the Government points out, the record states that as of 2016, Phillips had several siblings living in Memphis who could provide care to his parents.[37]

---

36   R. Doc. 542 at 3.
37   R. Doc. 548 at 14; R. Doc. 298 ¶ 244.

12

## C. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for appointment of counsel.  The Court further DENIES defendant's motion for compassionate release.

New Orleans, Louisiana, this ___30th___ day of September.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE