UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                                    NO. 13-286

DUANE PHILLIPS                                    SECTION "R" (1)

**ORDER AND REASONS**

Before the Court is defendant Duane Phillips's motion to correct a clerical error.[1]  The government opposes his motion.[2]  For the following reasons, the Court denies Phillips's motion.

## I.    BACKGROUND

On April 20, 2015, Duane Phillips pleaded guilty to conspiring to commit sex trafficking in violation of 18 U.S.C. § 1594(c).[3]  Phillips waived his right to appeal and collaterally challenge his conviction and sentence, but he retained the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.[4]   On June 8, 2016, the Court accepted the plea

---

[1]    R. Doc. 573.
[2]    R. Doc. 575.
[3]    R. Docs. 186 & 187.
[4]    R. Doc. 187 at 2-3.

agreement and sentenced Phillips to 251 months of imprisonment followed by ten years of supervised release.[5]

Phillips appealed his judgment to the Fifth Circuit.[6] *See United States v. Phillips*, No. 16-30767, Doc. No. 00513832379 (5th Cir. Jan. 11, 2017). The Fifth Circuit denied Phillips's appeal, except that it reduced his term of supervised release from ten years to five years.[7] The Supreme Court denied certiorari on October 30, 2017.[8]

On May 29, 2018, Phillips moved to vacate his sentence under 28 U.S.C. § 2255.[9] This Court denied his motion.[10] Defendant again appealed to the Fifth Circuit.[11] The Fifth Circuit denied Phillips leave to appeal in forma pauperis and denied his request for a certificate of appealability.[12] Phillips also moved for compassionate release, which this Court also denied.[13]

---

[5]   R. Doc. 374.
[6]   R. Doc. 386.
[7]   R. Doc. 443.
[8]   R. Doc. 459.
[9]   R. Doc. 478.
[10]   R. Doc. 509.
[11]   R. Doc. 512.
[12]   R. Doc. 539.
[13]   R. Doc. 561.

Phillips now asks the Court to correct what he characterizes as a clerical error.[14]  He contends that his only statute of conviction is 18 U.S.C. §1594(c), conspiracy to commit trafficking, but that his presentence investigation report and the Bureau of Prisons's ("BOP") sentencing monitoring computation data for him indicate that he was convicted of violating both 18 U.S.C. § 1594(c) and 18 U.S.C. § 1591, the substantive sex trafficking statute.[15] He argues this is a clerical error that this Court can correct under Rule 36 of the Federal Rules of Criminal Procedure.[16]  He asserts that he needs the Court to rectify this error so that he can be eligible to receive time credit under the First Step Act, for which inmates convicted under 18 U.S.C. § 1591 are ineligible.[17]  Phillips also submitted what he titled a "Supplemental Motion to Correct Clerical Error," in which he provides further argument in support of his original motion to correct a clerical error.[18]  He also points out that the judgment in this case likewise references § 1591 in addition to § 1594(c).  Because this document relates to his original motion, the Court will treat it as a supplemental memorandum in support of his original motion to correct a clerical error.

---

14      R. Doc. 573.

15      *Id.*

16      *Id.*

17      *Id.*

18      R. Doc. 579.

The government opposes Phillips's motion.[19]  In its opposition, the government contends that Phillips pleaded guilty to, and was convicted of, violating both 18 U.S.C. § 1594(c) *and* 18 U.S.C. § 1591, so there is no error in the record for the Court to correct.

The Court considers the parties' arguments below.

## II.    LEGAL STANDARD

Federal Rule of Criminal Procedure 36 provides that a court "may at any time correct a clerical error in a judgment, order, or other parts of the record."  Clerical errors are limited to "mindless and mechanistic mistakes." *United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014) (quoting *Matter of W. Tex. Mktg. Corp.*, 12 F.3d 497, 505 (5th Cir. 1994)).  Rule 36 does not allow a court to make substantive alterations to a sentence, and it "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correct of 'errors made by the court itself.'"  *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995) (quoting *United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993)).

---

[19]    R. Doc. 575.

## III.   DISCUSSION

Phillips was convicted of violating only 18 U.S.C. § 1594(c), which provides that "[w]hoever conspires with another to violate section 1591 shall be fined under this title, imprisoned for a term of years or for life, or both." Phillips's section 1594(c) conviction was premised on his conspiracy to violate sections 1591(a)(1) and (a)(2), which provide that:

> Whoever knowingly – (1) in or affecting interstate commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing . . . that means of force, threats of force, fraud, coercion . . . or any combination of such means will be used to cause the person to engage in a commercial sex act . . . shall be punished as provided in subsection (b).

The Second Superseding Indictment, the operative charging document for Phillips and his co-conspirators, brought three separate charges—Counts 1, 4, and 7—against Phillips.[20]   Count 1 charged Phillips with conspiring to violate 18 U.S.C. §§ 1591(a)(1) and (a)(2), the substantive sex trafficking statute, in violation of § 1594(c), the conspiracy statute.[21]   Count 4 charged him of violating § 1591(a)(1), (a)(2), and (b)(1), the substantive sex trafficking

---

[20]   R. Doc. 94.
[21]   *Id.* at 2.

statute.[22]  Count 7 charged him with transporting a victim for prostitution in violation of 18 U.S.C. § 2421.[23]

Phillips pleaded guilty only to Count 1.[24]  The plea agreement expressly states that Phillips agreed to plead guilty only to "a violation of 18 U.S.C. § 1594(c), conspiracy to commit 18 U.S.C. § 1591."[25]  The government agreed to dismiss the other counts in the Second Superseding Indictment, including Count 4, which charged him with violating § 1591.[26]  At his rearraignment, he pleaded guilty to conspiring to violate §§ 1591(a)(1) and (a)(2), "all in violation of Title 18, United States Code, Section 1594(c)."[27] Before accepting his guilty plea, the Court asked Phillips whether he understood that he is "charged with conspiracy, that means the agreement to do that crime, not the actual crime itself."[28]  Phillips responded that he understood.[29]  And at Phillips's sentencing hearing, the Court reiterated that Phillips had been found guilty of one count of conspiracy to commit sex trafficking in violation of § 1594(c).[30]

---

[22]    *Id.* at 3.
[23]    *Id.* at 4.
[24]    R. Doc. 187.
[25]    *Id.* at 1.
[26]    *Id.*
[27]    R. Doc. 423 at 6:11-16.
[28]    *Id.* at 10:15-17.
[29]    *Id.* at 10:18.
[30]    R. Doc. 425 at 128:3-14.

Phillips is thus correct that the only statute he was convicted of violating is 18 U.S.C. § 1594(c).  Although Phillips conspired to violate § 1591, he was not convicted of violating that statute.  The government's assertion that Phillips was convicted of violating both 18 U.S.C. §§ 1594(c) *and* 1591 is thus wrong.  No correction of the record is warranted in this case because the record contains no error as to Phillips's conviction.   The presentence investigation report describes the offense as "Conspiracy to Commit Sex Trafficking," and lists 18 U.S.C. §§ 1594(c), 1591(a)(1), (a)(2).[31]  Sections 1591(a)(1) and (a)(2) are not conspiracy statutes.   Contrary to the government's suggestion otherwise, the substantive statutes are listed only to describe which statutes Phillips conspired to violate.  Their inclusion does not mean that Phillips was convicted of both committing the underlying substantive offense and conspiring commit it.

The judgment likewise makes clear that Phillips was convicted of violating only 18 U.S.C. § 1594(c).  Nowhere does the judgment list 18 U.S.C. § 1591 as a count of conviction.  The judgment clearly indicates that Phillips pleaded guilty only to Count 1—conspiracy to commit sex trafficking—and

---

[31]     R. Doc. 298 at 3.

shows that all the remaining counts against Phillips, including the charge that he violated 18 U.S.C. § 1591, were dismissed.[32]

This conclusion is consistent with persuasive authority.  In *United States v. Warren*, a defendant pleaded guilty to one count of a superseding information that charged him with conspiring to violate § 1591 in violation of § 1594(c).  5 F.4th 1-78, 1079 (9th Cir. 2021).  After he was sentenced, his judgment listed his statute of conviction, § 1594(c), as well as the underlying substantive statute he conspired to violate, § 1591, much like the presentence investigation report and judgment in this case.  *Id.*  The defendant appealed, arguing that the judgment must be amended to remove references to the underlying substantive offense because it suggested he was convicted of violating the substantive statute.  *Id.*  The Ninth Circuit rejected the defendant's argument.  In so doing, it held that "[t]he inclusion of statutory references to both the conspiracy statute and the sections describing the object of the conspiracy does not transform the judgment into one that describes a conviction of the substantive crime.  The judgment, in sum, cannot properly be read to suggest that Defendant was convicted of more than one crime, nor can it properly be read to suggest that Defendant stands convicted of the crime that was the object of the conspiracy."  *Id.* at 1081.

---

[32]    R. Doc. 374 at 1.

The court further explained that "although the judgment is not required to pinpoint the statute defining the substantive offense that is the object of the conspiracy, neither is it error for the judgment to include such a reference." *Id.* Nor did the probation office or this Court err by referencing the statute that is the object of Phillips's conspiracy in the presentence investigation report or the judgment.

In *Warren*, as here, the defendant asked the court to amend the record because the BOP erroneously concluded that the defendant was convicted under § 1591 and was thus ineligible for credits under the First Step Act. *Id.* at 1089 n.2. The Ninth Circuit held that the defendant had "the opportunity to present to the BOP this opinion, which construes the judgment to reflect that Defendant committed a single offense under 18 U.S.C. § 1594(c)." *Id.* The same is true here.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to correct a clerical error.

New Orleans, Louisiana, this __5th__ day of December, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE