UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-286 |
| DUANE PHILLIPS | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court are defendant Duane Phillips' motions for appointment of counsel to assist him in challenging the calculation of his sentencing guidelines range in his presentence investigation report ("PSR")[1] and to reduce his sentence pursuant to 18 U.S.C. § 3852(c)(1)(A).[2] For the following reasons, the Court denies Phillips' motions.

### I. BACKGROUND

Phillips pleaded guilty to one count of conspiracy to commit sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1594(c) in May 2015.[3] Phillips signed a plea agreement with the Government that waived his rights to challenge his conviction and sentence, including the

---

[1] R. Doc. 597.
[2] R. Doc. 611.
[3] R. Doc. 374.

right "to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to [Phillips'] sentence and judgment."[4] Following Phillips' rearraignment, the U.S. Probation Office electronically filed a draft of Phillips' PSR on June 10, 2015.[5] Phillips timely filed ten objections to the draft report, and the Probation Officer found each objection meritless.[6] At sentencing, the Court overruled Phillips' objections pertaining to the calculation of his advisory guideline sentencing range, and found that the PSR correctly calculated Phillips' advisory guideline range to be 360 months to life imprisonment.[7] The Court sentenced Phillips to a term of imprisonment of 251 months with the benefit of a downward variance.[8] Phillips appealed his sentence to the U.S. Court of Appeals for the Fifth Circuit.[9] The Fifth Circuit corrected Phillips' term of supervised release from ten years to five years, and dismissed the appeal in all other respects.[10] The U.S. Supreme Court denied Phillips' petition for a writ of certiorari.[11] In May

---

[4]   R. Doc. 187.
[5]   R. Doc. 216.
[6]   R. Doc. 298.
[7]   R. Doc. 425 at 128; R. Doc. 298 at 38.
[8]   R. Doc. 374.
[9]   R. Doc. 386.
[10]  R. Docs. 441 & 443.
[11]  R. Doc. 459.

2018, Phillips filed a motion under 28 U.S.C. § 2255 challenging his conviction and sentence, including the Court's application of a sentencing enhancement under U.S.S.G. § 2G1.1 based on its finding that Phillips' offense involved conduct described in 18 U.S.C. §§ 2241 or 2242.[12] The Court denied Phillips' motion in July 2019, holding that Phillips' waiver of his right to appeal or collaterally attack his conviction and sentence in his plea agreement was enforceable as he entered into the agreement knowingly and voluntarily, and alternatively finding Phillips' arguments meritless.[13] The Court declined to issue a certificate of appealability ("COA").[14] Phillips sought a COA from the Fifth Circuit, which denied relief.[15] Phillips subsequently filed motions for compassionate release based on the threat to his health posed by the COVID-19 pandemic,[16] and for appointment of counsel to assist him in presenting his motion for compassionate release.[17] The Court denied these motions, finding that the appointment of counsel would not serve the interests of justice, that the sentencing factors in 18

---

[12]   R. Doc. 478.
[13]   R. Doc. 509.
[14]   *Id.*
[15]   R. Doc. 539.
[16]   R. Doc. 542.
[17]   R. Doc. 557.

U.S.C. § 3553(a) weighed against release, and that Phillips had failed to demonstrate extraordinary and compelling reasons justifying release.[18]

Phillips now moves for appointment of counsel to assist him in filing a challenge to the PSR's calculation of his advisory guidelines sentencing range,[19] and for compassionate release because he contends that his sentence was unusually long.[20] The Government contends that Phillips should not be granted compassionate release, because he has not exhausted his administrative remedies, has not shown extraordinary and compelling reasons for his release, and the statutory sentencing factors weigh against release.[21]

The Court considers the parties' arguments below.

## II.   LAW AND ANALYSIS

### A.   Motion to Appoint Counsel

Unlike defendants in criminal proceedings and prisoners directly appealing judgments in criminal cases as a matter of right, prisoners mounting collateral attacks on their convictions do not have a right to

---

[18]    R. Doc. 561.
[19]    R. Doc. 597.
[20]    R. Doc. 611.
[21]    R. Doc. 641.

4

counsel under the Sixth Amendment. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). No provision of law provides the Court with discretion to appoint counsel for a collateral challenge to a defendant's PSR after judgment is entered.

Moreover, even if the Court had discretion to appoint Phillips counsel under the circumstances, it would not be appropriate to appoint counsel to mount a collateral challenge of Phillips' PSR. The Fifth Circuit has held that waiver of the right to challenge guidelines calculations are enforceable as long as they are made knowingly and intelligently. *United States v. Smith*, 404 F. App'x 884, 887 (5th Cir. 2010). Here, the Court has already found that Phillips' waiver is enforceable as it was made knowingly and intelligently.[22] Further, the record, including the transcripts from Phillips' rearraignment and sentencing, demonstrate that Phillips signed the plea agreement, including the waiver provision, testified that he had read it, had discussed it with his lawyer, and understood it. In Phillips' plea agreement, he specifically waived his right to "challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to [his]

---

[22] R. Doc. 509.

5

sentencing and judgment."[23] During Phillips' rearraignment, he testified that he understood that, in his plea agreement, he had waived his right to challenge his conviction or sentence by a direct appeal or collateral challenge except in two circumstances: (1) to appeal any punishment in excess of the statutory maximum and (2) to assert a claim for ineffective assistance of counsel in an appropriate situation.[24] At Phillips' sentencing, he was again reminded that he had agreed to waive his right to challenge his conviction and sentence, and he did not object.[25] Phillips does not now introduce any evidence or argument to show why the waiver provision in his plea agreement should not be enforced. Thus, Phillips' motion to appoint counsel must be denied.

### B. Motion to Reduce Sentence

Phillips moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on allegedly erroneous guidelines calculations in his presentence investigation report and his contention that he was subject to an "unusually long sentence."[26]

---

[23] R. Doc. 187 at 3.
[24] R. Doc. 423 at 19-20.
[25] R. Doc. 425 at 134.
[26] R. Doc. 611.

6

As a threshold matter, the Court finds that Phillips has not satisfied the exhaustion requirement for compassionate release. The statute provides that a district court may grant a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Phillips provides no evidence or argument to show that he has exhausted his administrative remedies. *See United States v. Cantu*, No. 17-1046-2, 2022 WL 90853, at *1 (S.D. Tex. Jan. 5, 2022) ("[T]he exhaustion requirement applies to new arguments or grounds for compassionate release developed after an earlier request for compassionate release."). Accordingly, Phillips has not met his burden of demonstrating that he has exhausted his administrative remedies. *See United States v. Dinet*, No. 18-157, 2020 WL 4544482, at *2 (E.D. La. Aug. 6, 2020) (holding that defendant's motion for compassionate relief was not "properly before th[e] Court," because, although defendant claimed that he exhausted his administrative remedies, he failed to present any evidence that a request was made to the warden of his facility). Based on Phillips' failure to exhaust his claims alone, the Court is required to deny the motion for compassionate

7

release. *United States v. Franco*, 937 F.3d 465, 467 (5th Cir. 2020) (holding is exhaustion is non-jurisdictional, but mandatory).

Even if Phillips had shown that he exhausted his administrative remedies, he has failed to show he meets the other requirements for compassionate release. Upon a prisoner's motion, a court may grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction," after considering the sentencing factors set out in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (holding that, in evaluating a motion by an inmate, rather than the BOP, the district court "is bound only by § 3582(c)(1)(A)(i)" and "the sentencing factors in § 3553(a)"). But when a defendant fails to demonstrate "extraordinary and compelling reasons," the Court need not consider the § 3553(a) factors. *United States v. Reynard*, No. 10-329, 2021 WL 2662139, at *6 (E.D. La. June 29, 2021); *see also United States v. Thompson*, 984 F.3d 431, 433 & n.2 (5th Cir. 2021) (holding that if a court does not find any "extraordinary and compelling reasons" warranting compassionate release, it need not address the § 3553(a) factors).

Phillips contends that his case presents "extraordinary and compelling reasons" because the Court sentenced him based on the erroneously calculated guideline range in the PSR, and his sentence was "unusually long"

8

under U.S.S.G. § 1B1.13(b)(6). As to Phillips' argument concerning his guidelines range,[27] the Court has already considered Phillips' challenge to the calculation of his guidelines range based on the Court's application of the sentencing enhancement under U.S.S.G. § 2G1.1, which requires the Court to raise a defendant's base offense level when it finds that the offense of conviction involved conduct described in 18 U.S.C. §§ 2241 or 2242, statutes defining federal sexual abuse and aggravated sexual abuse.[28] The Court rejected Phillips' challenge to the application of the enhancement, holding that, at sentencing, the Court correctly found that Phillips' offense did involve conduct described in 18 U.S.C. §§ 2241 and 2242.[29] Moreover, Phillips "cannot 'challenge the legality or the duration of his sentence' through a motion for compassionate release." *United States v. Cardona*, No. 22-50884, 2023 WL 3122454, at *1 (5th Cir. Apr. 27, 2023) (quoting *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023)). Phillips' arguments concerning the calculation of his guidelines range are not cognizable as "extraordinary and compelling reasons" justifying compassionate release. *Escajeda*, 58 F.4th at 188.

---

[27] R. Doc. 611-1 at 1-2.
[28] R. Doc. 478.
[29] R. Doc. 509 at 10-12.

9

As to Phillips' argument that his sentence is "unusually long," under U.S.S.G. § 1B1.13(b)(6), a defendant must meet three requirements before a court "may" consider "a change in the law" as an extraordinary and compelling reason: (1) he must have received an "unusually long sentence," (2) he must have served ten years of that sentence, and (3) there must be a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). The Government contends that the Fifth Circuit's holding in *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023), that "a defendant may not leverage non-retroactive changes in criminal law to support a compassionate release motion," forecloses consideration of nonretroactive changes in the law for purposes of determining whether Phillips has demonstrated extraordinary and compelling reasons.[30] Additionally, the Government argues that the policy statement exceeds the Sentencing Commission's authority because it is not a valid interpretation of the phrase "extraordinary and compelling reasons" in 18 U.S.C. § 3582(c)(1)(A).[31]

---

[30]   R. Doc. 641 at 10-21.
[31]   *Id.*

Regardless of whether U.S.S.G. § 1B1.13(b)(6) is a proper exercise of the Sentencing Commission's authority, Phillips does not meet the criteria for "extraordinary and compelling reasons" under the policy statement. While Phillips has served more than ten years of his sentence, he has not demonstrated that his sentence was "unusually long" or that there would be a "gross disparity" between the sentence he is serving and the sentence that would be imposed if he were sentenced today.  Phillips was sentenced to 251 months' imprisonment on his conviction for conspiracy to commit sex trafficking.[32]   Because he had a lengthy criminal history before his conviction, this sentence represented a substantial downward variance from the bottom of Phillips' guidelines range, which was 360 months.[33]  The guidelines calculation for an offender with Phillips' convictions, criminal history, and offense characteristics remains the same.  Thus, nothing about Phillips' sentence is unusual, let alone "extraordinary and compelling." *See United States v. Hill*, No. 15-00135, 2023 WL 1818315, at *6 (E.D. Tex. Feb. 8, 2023) (holding sentence was not "unusually long" when it was "within the applicable guideline range").  Phillips also cannot demonstrate that there would be a gross disparity between the sentence he is currently serving and

---

[32] R. Doc. 374.
[33] R. Doc. 298.

one that would likely be imposed under current law. Phillips' sentence was not enhanced by any statutory or Guidelines provision for which he would be ineligible today. Accordingly, the Court finds that Phillips has not established "extraordinary and compelling reasons" justifying compassionate release.

Because Phillips has not exhausted his claims, and has not established the existence of "extraordinary and compelling" reasons warranting compassionate release, the Court need not address the sentencing factors under 18 U.S.C. § 3553(a). Thus, the Court denies Phillips' motion for compassionate release.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Phillips' motions for appointment of counsel and compassionate release.

New Orleans, Louisiana, this __10th__ day of June, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE